IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Reynaldo Alvarenga, | No. CV-26-01250-PHX-MTL (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Christopher McGregor, et al., | |
| Respondents. | |

Petitioner Jose Reynaldo Alvarenga filed a Petition for Writ of Habeas Corpus challenging his immigration detention. (Doc. 1.) In it, he requested immediate release from detention or, in the alternative, an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a). (*Id.* at 20-21.) After the Petition became fully briefed (Docs. 7, 8), Petitioner filed a motion for leave to file supplemental evidence and briefing, requesting that the Court take notice of the Form I-200 Warrant for Arrest of Alien filed in Petitioner's removal proceedings, which stated that Petitioner was to be taken into custody pursuant to 8 U.S.C. § 1226 (Docs. 18, 18-1). In response to the motion, Respondents stated:

> Respondents have reviewed Petitioner's supplemental motion and additional evidence. Given this new information shedding light on the manner of re-detention (under § 1226 authority), Respondents do not oppose setting a bond hearing pursuant to 8 U.S.C. § 1226(a).

> Respondents respect this Court's time and resources in evaluating the novel issues raised by Petitioner and Respondents stand by our position that Petitioner is not entitled to relief pursuant to his status as a former UAC or

any relief under the TVPRA.

However, we do not oppose this Court ordering a bond hearing on alternative grounds given the manner of re-detention pursuant to 8 U.S.C. § 1226(a).

(Doc. 21 at 1.) In reply, Petitioner requested that the "Court order that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is granted as to Petitioner's request for a bond hearing, and that Respondents provide Petitioner a bond hearing before an immigration judge within seven days of the Court's order." (Doc. 23 at 1-2.)

The Court accepts Respondents' concession as non-opposition to granting Petitioner's habeas corpus petition as to his alternative request for a bond hearing.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is granted as to his alternative request for a bond hearing. Any remainder of the Petition is denied as moot.

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner a bond hearing within **seven days**.

**IT IS FURTHER ORDERED** that Respondents must provide a notice of compliance within **three days** of providing Petitioner a bond hearing.

**IT IS FINALLY ORDERED** that any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 7th day of July, 2026.

Michael T. Liburdi
United States District Judge

- 2 -